IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARRETT TRAYLOR, *individually, and on Behalf of others similarly situated,* ) ) ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 1:24-cv-10329 |
| ) | |
| LIVEFREE EMERGENCY RESPONSE, INC. ) ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT LIVEFREE EMERGENCY RESPONSE, INC.'S**
**MEMORANDUM IN SUPPORT OF ITS RULE 12(b)(2) MOTION TO DISMISS**

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendant LiveFree

Emergency Response, Inc. ("Defendant" or "LiveFree"), files its Memorandum in Support of its

Rule 12(b)(2) Motion to Dismiss (the "Motion") the Class Action Complaint ("Complaint") filed

by Plaintiff Garrett Traylor ("Plaintiff" or "Traylor"), individually, and on behalf of others

similarly situated,[1] and would respectfully show the Court as follows:

## I.   REQUEST FOR ORAL ARGUMENT

LiveFree respectfully requests that the Court schedule a hearing on LiveFree's Motion

pursuant to Local Rule 7.1(d).

---

[1] LiveFree contends that no class should be certified in this lawsuit and disputes liability as to any cause of action that might be brought by such putative class members as a class action. For purposes of the allegations made in the Complaint on behalf of "putative class members," however, as they pertain to this Motion and this Memorandum in Support, LiveFree will refer to those individuals as "putative class members," without admitting that such individuals should ultimately be joined to this lawsuit or that a class will or should be certified.

## II.    SUMMARY OF ARGUMENT

Plaintiff has asserted various claims against LiveFree in his Complaint for violations of the Telephone Consumer Protection Act ("TCPA"). Critically, absent from the Complaint are any facts that would demonstrate that this Court may exercise personal jurisdiction over LiveFree. Moreover, there is no set of facts that Plaintiff could alleged in the Complaint that would establish personal jurisdiction over LiveFree. LiveFree is a Delaware corporation with its principal place of business in Idaho, and therefore, it is not "at home" in the Commonwealth of Massachusetts. LiveFree did not make the calls at issue in the Complaint. Invoking personal jurisdiction over LiveFree based on the actions of an independent third-party would grossly offend traditional notions of fair play and substantial justice. Because LiveFree is not subject to the jurisdiction of this Court, either general or specific, Plaintiff's Complaint must be dismissed in its entirety.[2]

## III.    FACTUAL BACKGROUND

LiveFree is a Delaware Corporation with its principal place of business located at 3411 Hawthorne Road, Pocatello, Idaho, 83201. Declaration of Joshua K. Chandler ("Declaration") Ex. A, Doc. No. 21 at 2 ¶ 5. LiveFree manufactures personal emergency response systems, such as its LifeBeacon product. Declaration, Ex. A, Doc. No. 21 at 2 ¶ 6. LifeBeacon is a life-saving

---

[2] On April 11, 2023, a lawsuit, styled *Jeffrey Gibbs, et al. v. LiveFree Emergency Response, Inc.*, Case No. 4:23-cv-00170-REP, was filed in the United States District Court for the District of Idaho against LiveFree seeking to certify a class action on the basis of TCPA liability. There, Jeffrey Gibbs and others allege that LiveFree or its agents made prerecorded calls to their phones and the phones of other members of a class in violation of the TCPA, despite the fact that they had not given their prior express consent and that their phone numbers were on the Do Not Call List. In addition to this Court's lack of personal jurisdiction, this lawsuit is subject to transfer and consolidation with Gibbs pursuant to 28 U.S.C. 1404(a), Rule 42 and other applicable law. To the extent the Court denies LiveFree's Rule 12(b)(2) Motion, LiveFree reserves the right to seek transfer of this case to the District of Idaho and consolidate it with the Gibbs case.

emergency fall device that allows people who are fall risks to alert first responders in the event of an emergency. Declaration, Ex. A, Doc. No. 21 at 2 ¶ 6

LiveFree primarily sells its products through a network of independent dealers ("Dealers") on a wholesale, per unit basis. Declaration, Ex. A, Doc. No. 21 at 2 ¶ 7. Dealers may also opt to purchase certain services from LiveFree on a per unit basis. Declaration, Ex. A, Doc. No. 21 at 2 ¶ 7. The services LiveFree offers to Dealers include such things as order fulfillment, product support, payment processing, and device monitoring. Declaration, Ex. A, Doc. No. 21 at 2 ¶ 7. Other than the per unit prices it charges its Dealers, LiveFree does not derive any economic benefit from the Dealers' sale of devices or monitoring contracts the Dealer may enter into with its customers. Declaration, Ex. A, Doc. No. 21 at 2 ¶ 7. LiveFree does not receive a commission on any product sale or monitoring contract Dealers may make to their customers. Declaration, Ex. A, Doc. No. 21 at 2 ¶ 8.

To the extent LiveFree provides payment processing to dealers, all funds derived from the sale of such devices and monitoring are remitted directly to the Dealers, minus a payment processing fee, which is merely the fee charged by LiveFree's payment processing platform, the same as any other merchant fee charged for processing credit and debit card transactions. Declaration, Ex. A, Doc. No. 21 at 2 ¶ 9. LiveFree exercises no control over the price at which Dealers market or sell LifeBeacon or monitoring services. Declaration, Ex. A, Doc. No. 21 at 2 ¶ 10.

As part of the Dealer relationship, Dealers receive a limited-use license to market and sell LifeBeacon devices using its trademark, but Dealers are prohibited from holding themselves out as LiveFree or LifeBeacon or from acting in any way that might suggest that the Dealer is an agent of LiveFree. Declaration, Ex. A, Doc. No. 21 at 2–3 ¶ 11. In other words, Dealers can tell

customers that they are selling the LifeBeacon device, but they cannot say they are calling from LiveFree or on behalf of LiveFree or LifeBeacon.  Declaration, Ex. A, Doc. No. 21 at 3 ¶ 11.

LiveFree does not systematically and continuously conduct business in Massachusetts and has not "knowingly and purposefully availed itself to Massachusetts" as alleged in the Complaint. Declaration, Ex. A, Doc. No. 21 at 3 ¶¶ 12–13. Specifically, LiveFree: (1) has no offices or employees in Massachusetts; (2) does not manufacture its products in Massachusetts; (3) does not sell its product to any Dealers located in Massachusetts; (4) only offers services from Idaho; and (5) does not directly market to individuals in Massachusetts unless responding to an individual who has submitted an inquiry and consented to be contacted by LiveFree. Declaration, Ex. A, Doc. No. 21 at 3 ¶¶ 14–21.

Any individual (as opposed to a Dealer) seeking to purchase a LifeBeacon on a one-off basis is contacted by a live, human representative only after such individual consents to such contact. Declaration, Ex. A, Doc. No. 21 at 3 ¶ 21. Individuals cannot purchase LifeBeacon via LiveFree's website. Declaration, Ex. A, Doc. No. 21 at 4 ¶ 23. If individuals are interested in getting more information about LifeBeacon, they must complete a form that requires them to input their personal information or call LiveFree's sales department. Declaration, Ex. A, Doc. No. 21 at 4 ¶ 23. Before LiveFree will initiate contact with an individual, they must first opt-in to such contact through LiveFree's website or directly respond to an internet advertisement, which requires them to consent to such contact. Declaration, Ex. A, Doc. No. 21 at 4 ¶ 24. LiveFree does not initiate consumer inquiries for its products within Massachusetts, unless such potential consumers first provide LiveFree with their contact information. Declaration, Ex. A, Doc. No. 21 at 4 ¶ 25. LiveFree does not direct targeted advertising to Massachusetts or individuals residing in Massachusetts. Declaration, Ex. A, Doc. No. 21 at 3 ¶ 22.

The calls alleged in the Complaint, including the alleged calls to Plaintiff and the "putative class members," if made at all, were not made by LiveFree. Declaration, Ex. A, Doc. No. 21 at 1 ¶ 4. LiveFree did not place any telephone calls to Plaintiff or any putative class members because LiveFree does not: (1) place any sales calls without the prior express consent of its customers; (2) use an automatic dialing system or automatic dialing software, (3) use pre-recorded messages; (4) make robocalls; (5) use "avatars" to market or sell its products; or (6) call persons that are registered on the National Do-Not-Call Registry. Declaration, Ex. A, Doc. No. 21 at 3–4 ¶¶ 17–21, 24.

## IV.    ARGUMENTS AND AUTHORITES

### A.    The Court lacks personal jurisdiction over LiveFree.

A longstanding pillar of law requires a court to have personal jurisdiction over a defendant, *i.e.*, "the power to require the parties to obey its decrees" for a case to exist in a certain forum. *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 617 (1st Cir. 2001). The burden of establishing personal jurisdiction is on the Plaintiff. *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145 (1st Cir. 1995).

Personal jurisdiction over a party can exist through general jurisdiction or specific jurisdiction. *Mass. Sch. Of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir.1998). General jurisdiction "exists when the litigation is not directly founded on the defendant's forum-based contacts, but the defendant has nevertheless engaged in continuous and systematic activity, unrelated to the suit, in the forum state." *United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1085 (1st Cir. 1992). Specific jurisdiction exists when a "demonstrable nexus" exists between the claims and the defendant's activity in the forum state. *Swiss Am. Bank, Ltd.*, 274 F.3d at 619.

Here, not only does the Complaint fail to allege facts sufficient to show the existence of personal jurisdiction over LiveFree, but no set of facts alleged by the Plaintiff could establish general or specific jurisdiction over LiveFree. LiveFree is a Delaware Corporation with its principal place of business in Idaho. Additionally, the calls at issue in this case were not made by LiveFree. As the Court does not have general or specific jurisdiction over LiveFree, the Complaint must be dismissed for lack of personal jurisdiction.

1. **The Court does not have general jurisdiction over LiveFree because LiveFree is only at home in Delaware and Idaho.**

Plaintiff's Complaint utterly fails to establish any grounds for general jurisdiction over LiveFree, stating, in conclusory fashion, that "Defendant LiveFree systematically and continuously conducts business in Massachusetts." Complaint, Doc. No. 1 at 3, ¶ 14. General jurisdiction exists over a United States corporation only where the corporation is "at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). A defendant corporation is only at home in a state where: (1) it is incorporated; (2) it maintains its principal place of business; and (3) its affiliations are so "continuous and systematic" that such state is essentially rendered the corporation's home. *Kuan Chen v. United States Sports Acad., Inc*., 956 F.3d 45, 57 (1st Cir. 2020).

There is no general jurisdiction based on LiveFree's state of incorporation (Delaware) or its principal place of business (Idaho). *See Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (stating that a "company's principal place of business, often called the 'nerve center' is 'the place where a corporation's officers direct, control, and coordinate the corporation's activities'"); *see also Harrison v. Granite Bay Care, Inc*., 811 F.3d 36, 40 (1st Cir. 2016). It is indisputable that LiveFree's "nerve center" exists in Idaho. Declaration, Ex. A, Doc. No. 21 at 2 ¶ 5. LiveFree's

headquarters, and only office, is located in Pocatello, Idaho. Declaration, Ex. A, Doc. No. 21 at 2 ¶ 5.

Because LiveFree is incorporated in Delaware and maintains its principal place of business in Idaho, general jurisdiction over LiveFree in Massachusetts could only exist if LiveFree's contacts with Massachusetts are so "continuous and systematic" that it can be considered at home in Massachusetts. *Kuan Chen*, 956 F.3d at 57. Specifically, Plaintiff must show LiveFree's "corporate operations within [Massachusetts are] so substantial and of such a nature as to justify suit . . . on causes of action arising from dealings entirely distinct from those activities." *Daimler AG v. Bauman*, 571 U.S. 117, 118-19 (2014). In *Bauman*, the Supreme Court held that Daimler AG was not subject to general jurisdiction in California, despite its significant sales in California. *See id.* Specifically, the Court stated:

> Neither Daimler nor [Daimler's parent] is incorporated in California, nor does either entity have its principal place of business there. If Daimler's California activities sufficed to allow adjudication of this Argentina-rooted case in California, the same global reach would presumably be available in every other State in which [Daimler's parent's] sales are sizable. No decision of this Court sanctions a view of general jurisdiction so grasping.

*Id.*

LiveFree's relationship with Massachusetts, if any, is even more attenuated. LiveFree does not maintain any office or have any employees in Massachusetts. Declaration, Ex. A, Doc. No. 21 at 3 ¶ 14. If LiveFree has any contacts with Massachusetts, which LiveFree disputes, the contacts would be limited to some independent dealers choosing to market and sell the LifeBeacons they purchase from LiveFree in Massachusetts and/or LiveFree potentially contacting consumers in response to a customer inquiry and consent, some of which may be located in Massachusetts. Determining LiveFree is subject to general jurisdiction in Massachusetts would eviscerate LiveFree's constitutional protections by rendering LiveFree at

home in all fifty states despite its extremely thin relationship with states outside of Delaware and Idaho.

**2. The Court does not have specific jurisdiction over LiveFree.**

To satisfy due process, Plaintiff must overcome three hurdles to justify the exercise of specific jurisdiction over LiveFree. First, Plaintiff must show that the dispute between the parties arises out of, or is related to, LiveFree's forum-based activities. *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 206 (1st Cir. 1994). Second, the plaintiff must show that the nonresident defendant has purposefully established "minimum contacts" with Massachusetts. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see also Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 105 (1987). Lastly, Plaintiff must show that the "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316.

An essential goal of the "minimum contacts" test is to protect the nonresident defendant. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). To find minimum contacts, the Court must determine that the nonresident defendant has purposely availed itself of the privilege of conducting activities within the forum state, and thus invoked the benefits and protection of its laws. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985). This "purposeful availment" requirement ensures that a nonresident defendant will not be hailed into a jurisdiction based solely on "random," "fortuitous," or "attenuated" contacts or the "unilateral activity of another party or a third person." *Id.* at 475; *see also Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 417 (1984); *World-Wide Volkswagen*, 444 U.S. at 298. Rather, some purposeful, overt act is required by a nonresident defendant to subject it to the possibility

of being hailed into a foreign court. *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001); *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145 (1st Cir. 1995).

> a. *Because LiveFree did not make the calls at issue in the Complaint, it has no contacts with Massachusetts related to the dispute.*

To relate to LiveFree's tenuous contacts with Massachusetts, Plaintiff's claims must involve a relationship LiveFree *itself* created with Massachusetts. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014). Relatedness cannot be based on the unilateral activity of a third-party. *Hall*, 466 U.S. at 417. ("[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction"). Additionally, "a broad 'but-for' argument is generally insufficient." *Harlow v. Children's Hosp.*, 432 F.3d 50, 61 (1st Cir. 2005).

Here, the Complaint only pleads hypothetically, conditionally, and in the alternative, that the calls may have been made by third-parties.[3] Because LiveFree did not make the calls and Plaintiff does not identify any third party (or even commit to pleading the existence of a third party), Plaintiff has failed to meet his burden to establish specific jurisdiction. LiveFree does not derive any economic benefit from the Dealers' sale of devices or monitoring contracts the Dealer may enter into with its customers. Declaration, Ex. A, Doc. No. 21 at 2 ¶ 7. LiveFree does not receive a commission on any product sale or monitoring contract Dealers may make to their customers. Declaration, Ex. A, Doc. No. 21 at 2 ¶ 8. LiveFree exercises no control over the price at which Dealers market or sell LifeBeacon or monitoring services. Declaration, Ex. A, Doc. No. 21 at 2 ¶ 10. Furthermore, Dealers are prohibited from holding themselves out as LiveFree or LifeBeacon or from acting in any way that might suggest that the Dealer is an agent of LiveFree.

---

[3] *See, e.g.*, Complaint, Doc. No. 1, 12 ¶¶ 89–91 (stating "[i]f Defendant directly placed the calls," "Defendant may have hired . . . third-party telemarketers," and "[i]n the event Defendant hired third-party telemarketers.").

Declaration, Ex. A, Doc. No. 21 at 2–3 ¶ 11. Accordingly, even if the calls were made by an independent dealer, such unilateral activity, by a party in no way controlled by LiveFree, cannot constitute grounds for personal jurisdiction over LiveFree. *See Hall*, 466 U.S. at 417.

> b. *Because LiveFree did not call Plaintiff as alleged in the Complaint, LiveFree did not purposefully avail itself of the privilege of conducting business in Massachusetts.*

In analyzing minimum contacts regarding relatedness and purposeful availment, the First Circuit employs the "stream of commerce plus" test. *See Boit v. Gar-Tec Products, Inc*., 967 F.2d 671 (1st Cir. 1992); *see also Asahi Metal Indus. Co.*, 480 U.S. at 105; *Costa v. FCA US LLC*, 542 F. Supp. 3d 83, 94 (D. Mass. 2021). Specifically, "[i]t is well-established in the First Circuit that merely placing goods into the stream of commerce does not constitute purposeful availment and does not establish minimum contacts with the forum state." *Negron Basmeson v. Universal Music Publ'g MGB., S.A. de C.V*., No. CV 13-1077 (FAB), 2014 WL 12726061, at *8 (D.P.R. Jan. 17, 2014) (citing *Boit*, 967 F.2d 671 at 672). Indeed, "mere awareness" that a product may end up in the forum state does not amount to purposeful availment. *Rodríguez v. Fullerton Tires Corp*., 115 F.3d 81, 85-86 (1st Cir. 1997). Rather, additional conduct is necessary to evidence purposeful engagement by a defendant in the forum state.

LiveFree did not call Plaintiff or the putative class members, and thus, while LiveFree does not have any contacts with Massachusetts related to the Complaint, to the extent it did, such contacts would be limited to selling the product to an unidentified third-party independent dealer who, in turn, chose to market the LifeBeacon in Massachusetts. Declaration, Ex. A, Doc. No. 21 at 2 ¶ 4. This is even more attenuated than the contacts in *Boit*, as here, Plaintiff's claims are not related to the LifeBeacon. Rather, they are related to the unidentified third-party independent

dealer's own marketing efforts. LiveFree cannot have purposefully availed itself in Massachusetts for selling a product to an independent alleged bad actor it does not control.

> c. *Exercise of jurisdiction over LiveFree would not be reasonable or fair.*

Plaintiff further cannot show that the "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316. The minimum contacts requirement protects nonresident defendants and ensures that they will not be hailed into a jurisdiction based solely on "random," "fortuitous," or "attenuated" contacts or the "unilateral activity of another party or a third person." *Burger King Corp.*, 471 U.S. at 474-75.

Exercising jurisdiction over LiveFree here, diametrically opposes these principles. Again, LiveFree is a Delaware Corporation with its principal place of business in Idaho. Declaration, Ex. A, Doc. No. 21 at 2 ¶ 5. LiveFree has no offices or employees in Massachusetts, does not manufacture its products in Massachusetts, does not have any Dealers located in Massachusetts, and does not offer any services from Massachusetts. Declaration, Ex. A, Doc. No. 21 at 3 ¶¶ 14–17. LiveFree did not make the calls alleged in the Complaint, either to Plaintiff or to any "putative class members." Declaration, Ex. A, Doc. No. 21 at 2 ¶ 5. Presumably, if any calls were made, they were made by an unidentified independent dealer, not under the control of LiveFree, who attempted to resell the LifeBeacon at no benefit to LiveFree.

## V. <u>PRAYER</u>

For all the foregoing reasons, LiveFree respectfully requests that the Court grant its Rule 12(b)(2) Motion to Dismiss for lack of personal jurisdiction, dismiss Plaintiff's lawsuit, and grant LiveFree any other further relief to which it may show itself justly entitled, in law or in equity.

Respectfully submitted,

HALLETT & PERRIN, P.C.

 /s/ Bryan P. Stevens
Bryan P. Stevens (*pro hac vice*)
Texas Bar No. 24051387
bstevens@hallettperrin.com
Clayton S. Carter (*pro hac vice*)
Texas Bar No. 24120750
ccarter@hallettperrin.com
1445 Ross Avenue, Suite 2400
Dallas, TX 75202
(214) 953-0053

Christopher A. Kenney, Esq., BBO No. 556511
cakenney@KSlegal.com
Anthony B. Fioravanti, BBO No. 664823
abfioravanti@KSlegal.com
Kenney & Sams, P.C.
Reservoir Corporate Center
144 Turnpike Road, Suite 350
Southborough, MA 01772
Tel: (508) 490-8500

ATTORNEYS FOR DEFENDANT

## **LOCAL RULE 7.1 CERTIFICATE**

I hereby certify that on April 15, 2024, I conferred with Christopher E. Roberts, counsel for Plaintiff in this action, regarding the relief requested in this Motion, and despite the parties' best efforts, we were unable to resolve the issues presented in the Motion.

*/s/ Bryan P. Stevens*
Bryan P. Stevens

## **CERTIFICATE OF SERVICE**

I, Bryan P. Stevens, hereby certify that on April 15, 2024, the forgoing document was filed electronically with the Clerk of Court using the CM/ECF system and will be sent electronically to the registered participants as identified on the notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants by first class mail.

*/s/ Bryan P. Stevens*
Bryan P. Stevens