UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARRETT TRAYLOR, *individually, and on behalf of others similarly situated,*<br><br>              Plaintiff,<br>   v.<br><br>LIVEFREE EMERGENCY RESPONSE, INC., and Q SYNERGY, LLC,<br><br>              Defendants. | Case No. 1:24-cv-10329-IT<br><br><br><br>Hon. Indira Talwani |

**PLAINTIFF'S REPLY BRIEF IN FURTHER OPPOSITION TO DEFENDANT LIVEFREE EMERGENCY RESPONSE, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURSDICTION**

On the Brief:    KIMMEL & SILVERMAN, P.C.

Jacob U. Ginsburg, Esq. (phv)
30 East Butler Avenue
Ambler, PA 19002
Telephone: (267) 468-5374
Fax: (877) 788-2864
jginsburg@creditlaw.com
teamkimmel@creditlaw.com


BUTSCH ROBERTS & ASSOCIATES LLC

Christopher E. Roberts (phv)
7777 Bonhomme Avenue, Suite 1300
Clayton, MO 63105
Telephone: (314) 863-5700
croberts@butschroberts.com
Attorneys for Plaintiff

Dated: July 26, 2024

## **TABLE OF CONTENTS**

A.  Traylor proffers sufficient evidence to establish a prima facie case
    for personal jurisdiction……………………………………………………..2

B.  The mistake regarding one phone call in Traylor's declaration was a
    good faith error, to which Traylor corrects the record. The mistake
    is also inapposite to the questions before the Court………………………….6

C.  Where LiveFree did not file a motion to transfer on the first-to-file doctrine,
    its argument for same in its reply brief should be disregarded by the Court……..8

D.  Conclusion…………………………………………………………………..8

# TABLE OF AUTHORITIES

*Bennett v. SunPath, Ltd*., No. 21-11519-GCA

    2023 U.S. Dist. LEXIS 47236 (D. Mass. March 21, 2023)……………………………..5

*In re Dish Network, LLC*

    28 F.C.C. Rcd. 6574 (FCC 2013)……………..……………………………………5

*Little Kids v. 18th Ave. Toys*,

    2020 WL 7264267, 2020 U.S. Dist. LEXIS 231719 (D.R.I. Dec. 10, 2020)……………3

*Miholich v. Senior Life Ins. Co*., No. 21-cv-1123-WQH-AGS

    2022 U.S. Dist. LEXIS 23981 (S.D. Cal. Feb. 10, 2022)………..…………………….6

*Rosenberg v. LoanDepot.com LLC*, 435 F. Supp. 3d 308 (D. Mass. 2020)……………………..5

*Rowan v. Pierce*, No. 20-1648 2023 U.S. Dist. LEXIS 155697 (D.P.R. Sep. 1, 2023)…………5

*Suarez Cruz v. Caribbean Univ., Inc*., 698 F. Supp. 2d 254 (D.P.R. 2009)……………………..4

*United States v. Garcia*, 978 F.2d 746 (1st Cir. 1992)………………………………………7

*Warner v. Horned Dorset Primavera, Inc. (In re Blomquist),* 925 F.3d 541 (1st Cir. 2019)…….7

Rules and Statutes:

Fed. R. Civ. P. 12(b)(2)……………………………………………………………….. *passim*

Fed. R. Civ. P. 12(b)(6)………………………………………………..………………………6

47 U.S.C. § 227, *et seq*……………………………………………………………………*passim*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARRETT TRAYLOR, *individually, and on behalf of others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>LIVEFREE EMERGENCY RESPONSE, INC., and Q SYNERGY, LLC,<br><br>Defendants. | Case No. 1:24-cv-10329-IT<br><br><br>Hon. Indira Talwani |

**PLAINTIFF'S SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT LIVEFREE EMERGENCY RESPONSE, INC.'S MOTION TO DISMISS**

The Court is tasked with answering the following question as it relates to LiveFree's motion. "Is there prima facie evidence that the Court has personal jurisdiction over LiveFree when: (1) Traylor received telemarketing calls selling LiveFree's product on his Massachusetts phone; (2) the phone numbers appearing on Traylor's phone were from Massachusetts area codes; (3) as a result of one of the telemarketing calls placed to Traylor, LiveFree shipped its product to Traylor in Massachusetts; and, (4) LiveFree charged and collected money from Traylor's Massachusetts bank account for the purchase of its product?" The answer to this question is an unequivocal, "yes."

The silence in LiveFree's reply brief is telling. LiveFree does not dispute in its reply brief that it shipped its product to Traylor in Massachusetts because of a telemarketing call Traylor received. LiveFree does not dispute that it charged Traylor's Massachusetts credit card. LiveFree does not dispute that Traylor received calls in Massachusetts about LiveFree's product in Massachusetts, on his phone bearing a Massachusetts area code and from calls originating from Massachusetts area codes.

Perhaps seeing the writing on the wall, LiveFree instead resorts to asking the Court, at the pleading stage, to make a finding that an agency relationship did not exist between it and Defendant

1

Q Synergy, LLC. The law, however, is clear. Agency is an issue to be determined by the fact-finder at trial, not at the pleading stage before the fact-finding process has occurred. Traylor makes a *prima facie* showing that this Court has jurisdiction over LiveFree. LiveFree's Motion to Dismiss for Lack of Personal Jurisdiction should be denied.

A. **Traylor proffers sufficient evidence to establish a prima facie case for personal jurisdiction.**

While focusing its reply primarily on the agency relationship between LiveFree and Q-Synergy, LiveFree fails to rebut the fact that *its own actions* give rise to personal jurisdiction. Notably, in response to Traylor's showing that the Life Beacon package was shipped by LiveFree - from LiveFree's address in Pocatello, Idaho, LiveFree does not deny that LiveFree shipped the product. *See* Doc. No. 42, p. 5. Rather, LiveFree simply highlights that the return address included the name "Q Synergy", along with LiveFree's Pocatello, Idaho address. *Id*. LiveFree, however, does not deny the allegation that Q Synergy has no location in Pocatello, Idaho, but rather only LiveFree has such a location, *See* Doc. No. 37, pp. 9-10; Doc. No. 38-5 and 38-6 (evidence reflecting the package delivered from Idaho to Massachusetts); *See* Doc. No. 42 (LiveFree does not dispute that it sent the package from its Pocatello, Idaho address to Traylor in Massachusetts). LiveFree also does not deny that it charged Traylor's bank card linked to his Massachusetts bank account. *See* Doc. No. 38-5 (charge from "Wireless Medical Alert" in Pocatello, Idaho); *See generally,* Doc. No. 42 (LiveFree fails to deny it was the company that charged Traylor's Massachusetts-based bank card). LiveFree's failure to rebut the assertion that it shipped the package to Massachusetts or charged Traylor's credit card in Massachusetts is effectively a concession it was responsible for those acts. *Jones v. Cuomo*, 542 F. Supp. 3d 207, 216 n.2 (S.D.N.Y. 2021) (failure to dispute an argument can be treated as concession). In his declaration, Mr. Chandler had no problem issuing denials of what LiveFree purportedly does not do. *See e.g.*

2

Doc. No. 32-1 (denying LiveFree directly placed the calls).  No such denial was made regarding the shipping of the package to Massachusetts or charging Traylor's bank card. *See generally,* Doc. No. 32-1; Doc. No. 42. Where it is effectively undisputed that LiveFree availed itself to Massachusetts through the shipping of the LifeBeacon package and the charging of Traylor's Massachusetts-based bank card, this Court has specific personal jurisdiction over LiveFree.

LiveFree erroneously argues in its reply brief that Traylor cannot establish a *prima facie* case for personal jurisdiction due to what LiveFree characterizes as Traylor's reliance on "mere allegations" in the amended complaint rather than relying on extrinsic evidence. Doc. No. 42, pp. 2-3.  LiveFree's contention is misguided for multiple reasons, which are set forth below.

First, LiveFree's premise that Traylor cites primarily to "allegations" rather than to documentary or testamentary evidence, is simply untrue. Rather, Traylor cites his declaration, screenshots of the calls underlying this action, phone records, and a photograph of a package sent from LiveFree's address in Pocatello, Idaho.  Doc. Nos. 37; 38; 38-1; 38-2; 38-3; 38-4; 38-5; 38-6; 38-7.  Traylor's opposition brief cites primarily to the evidentiary record.  *See generally,* Doc. No. 38. The insinuation that Traylor's opposition brief consists primarily of references to the pleading is simply untrue.

Furthermore, as a matter of law, the proposition that the Court is precluded from considering consider the allegations in the operative complaint on a 12(b)(2) motion, is unfounded. Rather, on a 12(b)(2) motion to dismiss, the Court is charged to "examine the merits of such a jurisdictional proffer, the Court takes the facts **from the pleadings** and whatever supplemental filings (such as affidavits) are contained in the record, giving credence to the plaintiff's version of genuinely contested facts." *Little Kids v. 18th Ave. Toys*, No. 18-533WES, 2020 WL 7264267, 2020 U.S. Dist. LEXIS 231719, at *20 (D.R.I. Dec. 10, 2020) (emphasis added).  Traylor's citation

3

to the Amended Complaint and the documentary/testamentary record, is procedurally proper as both can be considered by the Court when presented with a 12(b)(2) challenge to personal jurisdiction.

The fact Traylor did not cite to an evidentiary record to rebut LiveFree's specific averments its relationship with "dealers" such as Q-Synergy, only highlights why, at the very least, Plaintiff is entitled to jurisdictional discovery.[1] Specifically, the details regarding the relationship between Q-Synergy and LiveFree are in the exclusive possession of the defendants at a stage where meaningful discovery has been completed. *See Suarez Cruz v. Caribbean Univ., Inc.*, 698 F. Supp. 2d 254, 259 (D.P.R. 2009) (motions to dismiss predicated on factual assertions by the defendant based on evidence in the exclusive control of the defendant warrants discovery to allow the plaintiff the opportunity to challenge the defendant's assertions). Traylor cannot reasonably be expected to know the intricacies of the business relationships between the two defendants at the pleading stage. While Mr. Chandler makes assertions in his declaration about LiveFree, Traylor has not had the opportunity to challenge those averments. However, the fact that Q-Synergy was soliciting LiveFree's product via telephone, that LiveFree shipped a from LiveFree's Pocatello, Idaho address and charged Traylor's credit card in Massachusetts after a call made selling LiveFree's product, is sufficient to make a *prima facie* case for personal jurisdiction.

In its reply brief, LiveFree does not (and could not) challenge that Massachusetts has personal jurisdiction over Q-Synergy for its telemarketing activities toward Traylor. *See generally,* Doc. No. 42. The imputation of vicarious liability on LiveFree turns (in part) on an

---

[1] LiveFree requests for the first time in its reply brief that the Court hold an evidentiary hearing on its motion. Doc. No. 42, n. 2. LiveFree's request for an evidentiary hearing highlights that if the motion is not denied outright (it should be), that, at a minimum, Traylor is entitled to jurisdictional discovery. It would be improper for an evidentiary hearing to proceed without Plaintiff first having the opportunity to challenge and review the evidence.

agency relationship with Q-Synergy. However, the **"existence of an agency relationship is usually a question of fact for the jury**" and "[v]icarious liability under the TCPA is a **fact intensive inquiry**." *Rowan v. Pierce*, No. 20-1648 2023 U.S. Dist. LEXIS 155697, at *25 (D.P.R. Sep. 1, 2023) (emphasis added). LiveFree improperly asks the Court to rule on this "fact-intensive inquiry" before the fact-finding process. As Plaintiff has proffered evidence at the pleading stage that LiveFree benefitted from the telemarketing calls by its vendor, a *prima facie* case has been made. That is all that is required at this juncture.

LiveFree curiously contends that the FCC's *In re Dish Network, LLC* 28 F.C.C. Rcd. 6574, (FCC 2013) and *Rosenberg v. LoanDepot.com LLC*, 435 F. Supp. 3d 308 (D. Mass. 2020) on which Plaintiff relies are not applicable because "Traylor has proffered no evidence whatsoever that LiveFree outsourced its marketing activities to any third-party, including Q Synergy, or that Q Synergy violated the TCPA." Doc. No. 42, p. 9. That is simply false. LiveFree denies up and down that it had anything to do with the calls at issue. Yet, Traylor received a telemarketing call about a LiveFree product. Doc. No. 38, ¶¶ 21-24; 38-4, p. 17 of 18. He placed an order during one of those phone calls on March 31, 2022 call, and then received a package in Massachusetts with LiveFree's return address. Doc. Nos. 38-6 and 38-7. LiveFree also charged Traylor's credit card. Doc. No. 38-5. LiveFree does not dispute that Q-Synergy was a "dealer" hired to market its products or that Q-Synergy did actually make the calls at issue. LiveFree simply challenges agency, which is traditionally a jury question. At this juncture, it is not only plausible, but likely, that Q-Synergy placed the call on LiveFree's behalf.

LiveFree attempts to rebut this likelihood by arguing the fact the telemarketers were "soliciting" LiveFree's products is not enough to create an inference Q-Synergy (the calling party) was acting as LiveFree's agent. Doc. No. 41, p. 5. This argument conflicts with other TCPA cases.

5

*Bennett v. SunPath, Ltd.*, No. 21011519-GCA, 2023 U.S. Dist. LEXIS 47236, at *1 (D. Mass. March 21, 2023) (caller referencing the defendant is sufficient to state a claim against the defendant under a TCPA vicarious liability theory); *Miholich v. Senior Life Ins. Co.*, No. 21-cv-1123-WQH-AGS, 2022 U.S. Dist. LEXIS 23981, at *12 (S.D. Cal. Feb. 10, 2022) (reference to the calling/texting party advertising for the defendant is sufficient to establish traceability to the defendant at the pleading stage).[2]   Whether an agency relationship exists between LiveFree and Q-Synergy and/or if vicarious liability could otherwise be imputed to LiveFree, is a fact-intensive question to be answered after the fact-finding process, not at the pleading stage. Traylor has established jurisdiction over LiveFree at the pleading stage. In the alternative, if the Court finds Traylor's showing to be insufficient to find personal jurisdiction, the Court should hold the motion in abeyance pending completion of jurisdictional discovery, or as a last resort, transfer the case to the District Court of Idaho, rather than dismissing the case.

**B.   The mistake regarding one phone call in Traylor's declaration was a good faith error, to which Traylor corrects the record. The mistake is also inapposite to the questions before the Court.**

LiveFree devotes considerable ink in its reply brief to an innocuous inconsistency within Plaintiff's filings, where ultimately, the material facts remain unchallenged. *See* Doc. No. 41, pp. 5-6. LiveFree is correct that the Amended Complaint alleges Traylor called LiveFree's customer service number he was told to call on May 8, 2020, and his declaration describes staying on the line during a call he received. Am. Compl. ¶¶ 61-68. The Amended Complaint's chronology of

---

[2] LiveFree notes that *Bennett* was a Rule 12(b)(6) motion, rather than Rule 12(b)(2), motion. Doc. No. 42, p. 8. That is a distinction without a meaningful difference., The critical point is that allegations that a calling party solicited a defendant's products/services creates a sufficient inference of an agency relationship to overcome a motion to dismiss filed before the parties have taken discovery. The Defendant in Bennett's Rule 12(b)(6) motion and LiveFree's 12(b)(2) motion were both predicated on the supposed failure to allege/proffer sufficient details of an agency relationship.

6

events for May 8, 2020, is correct. Traylor was mistaken in his declaration and submits a supplemental declaration to correct the record. *See* Supplemental Declaration of Garrett Traylor, attached.

First, this mistake in the declaration was obviously a good faith error, as Traylor alleged in the operative complaint that he called LiveFree back in May 2020, and attached documentary evidence confirming same to the original declaration itself. Am Compl. ¶¶ 66-68; *See* Doc. No. 38-3, May 8, 2020. Critically, this difference is irrelevant to the instant motion as well as the underlying claims. The underlying issues for the pending motion are: (1) whether Traylor sufficiently alleges Q-Synergy acted as an agent for LiveFree when making telemarketing calls to Traylor; and, (2) whether an inference can be made that LiveFree (through its own actions and/or through the actions of its agent) availed itself to Massachusetts to establish specific personal jurisdiction. If Q-Synergy acted as an agent for LiveFree and/or if LiveFree ratified actions of Q-Synergy and/or if LiveFree's own conduct establishes minimum contacts with Massachusetts, then the Court has personal jurisdiction over LiveFree. Where Traylor called the number he was told to call by the telemarketer, he spoke with LiveFree. That fact establishes an inference the telemarketer was acting as a sales agent for LiveFree, just as it would if the call were directly transferred to LiveFree. Accordingly, while Traylor acknowledges the error and corrects the record, the mistake is not material to the merits of the claim or the personal jurisdiction analysis.

Finally, LiveFree's efforts to impeach Traylor's credibility due to an innocuous mistake, are procedurally improper, as weighing a party's credibility is not the purview of the Court. Rather, questions of credibility are for the jury at trial. *Warner v. Horned Dorset Primavera, Inc. (In re Blomquist),* 925 F.3d 541, 551 (1st Cir. 2019) ("It is axiomatic that, absent exceptional circumstances, issues of witness credibility are to be decided by the jury"); *United States v. Garcia*,

7

978 F.2d 746, 748 (1st Cir. 1992) (same). If LiveFree intends to examine or impeach the credibility of the Plaintiff, it may do so during a deposition, through written discovery and/or at trial.

**C.     Where LiveFree did not file a motion to transfer on the first-to-file doctrine, its argument for same in its reply brief should be disregarded by the Court.**

LiveFree argues the Court should not permit jurisdictional discovery because there is another pending TCPA class action against LiveFree in Idaho. Doc. No. 42, p. 9. Where there is no motion to transfer pending on first-to-file grounds, the Court should give no consideration to this incomplete argument raised for the first time in LiveFree's reply brief.

**D.     Conclusion**

For the foregoing reasons, and those set forth in Traylor's opposition papers (Doc. No. 37, 38), Defendant LiveFree Emergency Response, Inc.'s motion to dismiss under Fed. R. Civ. P. 12(b)(2) should be denied. In the alternative, the Court should hold the motion in abeyance to allow the Parties time to complete jurisdictional discovery, or, alternatively, transfer the case to the District of Idaho, rather than dismissing the case.

Respectfully submitted,

KIMMEL & SILVERMAN, P.C.

*/s/ Jacob U. Ginsburg*
Jacob U. Ginsburg, Esq. (*phv*)
30 East Butler Avenue
Ambler, PA 19002
Telephone: (267) 468-5374
Fax: (877) 788-2864
jginsburg@creditlaw.com
teamkimmel@creditlaw.com

BUTSCH ROBERTS & ASSOCIATES LLC

Christopher E. Roberts (*phv*)
7777 Bonhomme Avenue, Suite 1300

8

        Clayton, MO 63105
        Telephone: (314) 863-5700
        croberts@butschroberts.com
        *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I, Jacob U. Ginsburg hereby certify I served a true and correct copy of the above on all parties of record via ECF on this July 26, 2024.

        */s/ Jacob U. Ginsburg*